Johnson, J.
Two questions are presented :
1. As to the force and effect to be given to the proceedings and action of the board of equalization, in adding totlie valuation of Mueller’s return, as disclosed upon the face of those proceedings, considered without reference to the' *402 extrinsic facts stated in the petition tending to impeach the decision of the board.
2. If upon the face of these proceedings the addition was authorized, then whether the allegations of extrinsic facts are sufficient in law to invalidate such addition.
1. As to the force and effect to be given to the proceedings of the board, and the statement of. reasons made on its journal, aside from the extrinsic facts stated in the petition.
The statute (2 S. & C. 1457) is as follows : “And said board shall'have power to add to or deduct from the valuation of the personal property, moneys, or credits of any person returned by the assessors, or which may have been omitted by him, or to add other items, upon such evidence as shall be satisfactory to said board, whether said return be made upon oath of such person or upon the valuation of the assessor; but when any addition shall be ordered to be made to any list returned under oath, a statement of the facts on which such addition was made, shall be entered upon the journal of the board.”
. It is not our purpose to discuss, in this case, the general powers of boards of equalization, the manner of their proceeding, the character of the evidence upon which they should act, nor the quantity of proof that will warrant an addition to a sworn return. Neither will we consider the legal effect of' such an addition, without any statement on the journal of the facts on which it was made, nor attempt to define, as applicable to other cases than the one at bar, what consitutes a sufficient statement of facts on which such additions may be made, to warrant the same.
Assuming that the statute requiring such a statement of the facts to be made upon the journal of the board is mandatory, and that such an addition without such entry upon the journal would be void; the question before us is, whether the statement entered upon the journal of this board, is, upon its face, sufficient to warrant the addition of *403 $1,000 to the monthly average value of all goods and merchandise owned by Mueller.
In this case, requiring a complex computation, to ascertain the monthly average value of a merchant’s or manufacturer’s stock, the facts on which such an addition to a return is founded may be, and generally are, different from the facts on which additions to single items of property are made.
In the former case, the monthly average val ue is ascertained by a calculation based on a series of quantities and values, while in the latter it is the enumeration and valuation of specific articles.
The addition to Mueller’s return, was to the monthly average value of goods and merchandise.
The statement of facts entered upon ■ the journal, and upon which such addition was made, is that the return, in that respect, was insufficient and below the actual value.
Interpreting this journal entry in.the light of the subject matter of the item of the return to which the addition was made, we understand the board as saying, that the monthly average value of Mueller’s goods and merchandise was insufficient and below the actual value thereof.
Whether this arose, from under enumeration or under valuation of stock on hand each month, or from an error of computation by which the rqonthly average was too small, we are not advised. In either ease the return made would be below the actual monthly average value, and for either cause, the board was authorized to make the addition if satisfied of that fact.
The ultimate fact, and not the evidence on which it was founded, was stated, that is, such monthly average was insufficient and below the actual monthly average by $1,000.
Upon this statement of facts, we feel bound to presume, in the absence of any showing to the contrary, that the board acted upon sufficient evidence, and that the statement of facts was sufficient. Hambleton v. Dempsey, 20 Ohio, 168.
*404 II. Are the facts alleged in the petition sufficient in law to invalidate the action of the board?
Under what circumstances a court of equity will relieve against the action of a board, on the sole ground that it was coutrary to the weight of the evidence, when such action was the result of a fair and impartial consideration of the evidence, the facts of this case do not require us to determine.
It will be conceded, however, that the jurisdiction of a court of equity, in cases of fraud and mistake, embraces the action of such boards, as fully as in other cases of like nature.
The petition, as grounds for impeaching the action of the board, states that all the evidence before it was the sworn return of Mueller, and his statement that it was in all respects correct, that there was no other evidence ofered, and that the addition was made without any- other or further testimony, and was unsupported by any evidence.
The demurrer admits the truth of these allegations* The code requires that all proceedings under it shall be liberally construed with a view to promote its objects, and assist the parties in obtaining justice.
This petition lacks clearness of meaning, but applying this rule of construction, a majority of the court are of opinion that it contains a direct charge that the board acted, not only without any evidence to suppoi't its decision, but in the face of the evidence; in short, that its action was arbitrary, and not in the exercise of judgment founded on satisfactory reasons.
Boards of equalization are sworn to fairly and impartially equalize the value of property for purposes of taxation. Incidental to this, is the power to add or deduct, upon such evidence as shall be satisfactory to the board. This involves the exercise of judgment founded upon evidence. The fact must appear from evidence, to the satisfaction of the board, that such addition or deduction should be made *405 in order to equalize that property with other taxable property.
The plain and reasonable inference is, that without evidence the power can not be exercised. If, as is averred, there was no evidence before the board, except that showing the correctness of the return, the addition was not founded upon facts, but in contradiction to the facts. If there was no evidence to support the addition, as is alleged, there was not any exercise by the board of judgment founded upon evidence. In the absence of a showing to the contrary, it will be presumed that such a board acts upon satisfactory evidence; but where, as in this case, it appears that it has not only acted without any evidence to support, its decision, but directly opposed to evidence in ■support of the return, we are compelled to hold that such action is contrary to the injunctions of the oath of office, and is an arbitrary and unauthorized exercise of the power to add to or deduct from a return.
It is said that the board had power, without any sworn testimony or other evidence of witnesses, and upon the knowledge or information of its members, to make this addition. Assuming this to be so, then this personal knowledge or information is “ evidence,” within the terms of the statute.
The averment is that the board acted without any evidence. If personal knowledge or information of members of the board is evidence, upon which it can base its action, then the averment that the addition was made without any evidence, and was unsupported by any, -^vas a denial that the board possessed or acted upon such knowledge or information.
"We hold, therefore—
1. That, upon the face of the proceedings of the board, aside from extrinsic facts, the tax was legally assessed.
2. That, taking the averments of the petition to be true, the action of the board, in making such addition to Mueller’s return, not being founded upon any evidence, was unauthorized.

Judgment of the district court affirmed, and cause remanded.

*406 McIlvaine, C.J., and White, J.,
being of opinion that the averments of the petition were' not sufficient to impeach the action of the board, did not concur in the application of the second proposition in the syllabus.